**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-81321-ROSENBERG**

AMY PONCE,

    Plaintiff,

v.

TORTICITY, LLC,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant Torticity's Motion for Summary Judgment. DE 20. The Court has reviewed the Motion, Defendant's Statement of Facts at DE 21, Plaintiff's Responses to the Motion and Statement of Facts at DE 24 and DE 25, and Defendant's Reply at DE 26. The Court has also reviewed the record and is otherwise fully advised in the premises. The Court **GRANTS** the Motion and enters summary judgment in favor of Defendant because Plaintiff's evidence in opposition to the Motion is insufficient to prove a violation of the Americans with Disabilities Act (the "ADA").

**I.     BACKGROUND**

Plaintiff Amy Ponce is a former employee of Defendant Torticity, LLC. She brings a claim of associational discrimination under the ADA, alleging that Defendant fired her due to her need to work remotely in order to take care of her father after he suffered a stroke.

The following timeline preceding Plaintiff's termination is undisputed. Defendant hired Plaintiff on May 2, 2022. DE 21 at ¶ 1; DE 24-1 at ¶ 1. Plaintiff's father suffered a stroke on July 15, 2022, and was hospitalized for a couple weeks before spending time at a rehabilitation center. DE 21 at ¶ 13; DE 24-1 at ¶ 13. In anticipation of her father's arrival at home, Plaintiff shared

with her immediate supervisor, Shelly Hoy, that she "might" need some accommodations for her father's medical condition. DE 21 at ¶ 14; DE 24-1 at ¶ 14.  Ms. Hoy did not immediately act on Plaintiff's request. DE 21 at ¶ 14; DE 24-1 at ¶ 14.  Plaintiff's father eventually was released from the rehabilitation center; Ms. Hoy granted Plaintiff's short-term requests for remote work and stated that "she would eventually talk to management about Plaintiff's request for accommodations to work remotely on a full-time basis." DE 21 at ¶ 14; DE 24-1 at ¶ 14.

In December 2022, Plaintiff submitted to Ms. Hoy a letter with a formal accommodations request for her hybrid work week to be adjusted to four days of remote work a week so she could care for her disabled father. DE 21 at ¶¶ 15–16; DE 24-1 at ¶¶ 15–16.  Plaintiff never spoke directly with Defendant's Senior Vice President of People & Culture Sanam Qureshi or Defendant's Chief Operating Officer Steve Ednie "about her need to work from home or her father's disability." DE 21 at ¶¶ 17, 20; DE 24-1 at ¶¶ 17, 20.  On January 25, 2023, Ms. Qureshi and Mr. Ednie scheduled a meeting with Plaintiff for the following day, during which they knew that Plaintiff's termination was a serious possibility. DE 21 at ¶ 31; DE 24-1 at ¶ 31.  Mr. Ednie fired Plaintiff during that January 26th meeting, informing her it was because of complaints about her behavior and demeanor in the workplace. DE 21 at ¶ 33; DE 24-1 at ¶ 33.

In its Motion, Defendant argues that Plaintiff's associational discrimination claim lacks evidentiary support because Plaintiff was not qualified for her job, the decisionmakers who fired Plaintiff had no knowledge of Plaintiff's father's disability, and the decisionmakers fired Plaintiff because of multiple complaints from other employees.

## II.   LEGAL STANDARD

Summary judgment can be granted in the absence of genuine issues of material fact if there is an evidentiary showing "that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting F.R.C.P. 56(c)).  Genuine issues of

material fact arise when a reasonable juror could find an issue affecting the outcome of the suit in favor of the non-moving party. *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). In conducting this analysis, a court must view evidence in a light favorable to the non-moving party and grant all reasonable inferences in that party's favor. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).

Plaintiff has raised an associational discrimination claim pursuant to the ADA. The ADA prohibits discrimination "on the basis of disability" against qualified individuals with regard to the "terms, conditions, and privileges of employment," such as hiring and firing. 42 U.S.C.A. § 12112(a) (West). Discrimination includes "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C.A. § 12112(b)(4) (West) (emphasis added).

When there is no direct evidence of associational discrimination, a plaintiff must rely on the *McDonnell Douglas* burden-shifting framework to establish circumstantial evidence. *Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220, 1226 (11th Cir. 1999). Under the *McDonnell Douglas* framework, a plaintiff must first establish a prima facie case of associational discrimination. *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001). A plaintiff must establish: "(1) that she was subjected to an adverse employment action; (2) that she was qualified for the job at that time; (3) that her employer knew at that time that she had a relative with a disability; and (4) that 'the adverse employment action occurred under circumstances which raised a reasonable inference that the disability of the relative was a determining factor in [the employer's] decision.'" *Id.* (quoting *Hilburn*, 181 F.3d at 1230–31).

Once the prima facie case is established, the burden shifts to a defendant who must produce "a legitimate, non-discriminatory reason for the challenged action." *Id.* Then, the burden returns

to a plaintiff to provide evidence that the proffered reason is pretext. *Id.* at 1243.  After a plaintiff produces evidence such that there is a genuine issue of material fact related to whether the proffered non-discriminatory reason is pretext, then the plaintiff's claim survives summary judgment. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024–25 (11th Cir. 2000).

### III.    ANALYSIS

The Court's analysis of Defendant's Motion follows the *McDonnell Douglas* framework for an associational discrimination claim.

#### A.    Defendant subjected Plaintiff to an adverse employment action.

Defendant concedes that Plaintiff's firing constitutes an adverse employment action. DE 20 at 2 (arguing that "Plaintiff cannot establish three of the four elements required" and arguing against every element but this one).  Therefore, Plaintiff has established the first element of an associational discrimination claim.

#### B.    Plaintiff was not qualified for her job at the time of her termination.

The second element of an associational discrimination claim requires Plaintiff to produce evidence that she was qualified for her job at the time of her termination.  Defendant argues that Plaintiff cannot produce evidence that she was qualified.  One qualification for Plaintiff's job was adherence to a hybrid work schedule and Plaintiff, with her repeated need to take care of her father, was unable to work from the office. DE 20 at 5.  Defendant points to Plaintiff's deposition testimony for support. *Id.*  Plaintiff testified that she was required to work in the office three times a week. DE 20-1 at 13:9–17.  Plaintiff met this requirement initially following her father's stroke. *Id.* at 17:22–18:9.  When Plaintiff's father completed his time in a rehabilitation facility and needed someone at home to care for him, Plaintiff needed to work fully remote. *Id.* at 41:15–22.

Plaintiff does not dispute that she was hired to work in the office three days per week. DE 21 at 2; DE 24-1 at 2.  She additionally does not dispute that Defendant required all employees in

4

its Boca Raton, Florida office to abide by its remote work policy. DE 21 at 7; DE 24-1 at 7. Plaintiff also does not dispute that Defendant's policy is neutral on its face; instead, Plaintiff raises three[1] arguments in a cursory manner.  She argues that (i) she was qualified for the job because she was a candidate for promotion, (ii) the hybrid attendance requirement did not apply because her supervisor worked remotely, and (iii) because Defendant's position is that the firing was unrelated to Plaintiff's failure to adhere to the hybrid work schedule, Defendant cannot rely on that fact to argue Plaintiff was unqualified for the job. *Id.*

Plaintiff's eligibility for a promotion is irrelevant to establishing her prima facie case because Plaintiff concedes that she could no longer meet the requirements of her position.  That Plaintiff's supervisor, who worked in a completely different position, with different requirements, was eligible for full-time remote work similarly is irrelevant to Plaintiff's prima facie case.  Finally, that Defendant claims it fired Plaintiff for her behavior and demeanor in the workplace is irrelevant as well.  At its core, Plaintiff's position required three days in the office per week, and Plaintiff could not (or would not) meet that requirement.  Plaintiff, therefore, was not qualified for the position.

The court need not analyze the other arguments Defendants raised in its Motion given that Plaintiff cannot sustain her burden to establish a prima facie claim.  Plaintiff's inability to demonstrate her qualification for her job goes to the heart of Congress' intent in granting protection from associational discrimination through the ADA.  The ADA does not protect employees who no longer meet the in-person requirements of a job even if that change occurred because of a relative's disability. *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1231 (11th Cir. 1999);

---

[1] The Plaintiff argues in her Response that she "was no longer seeking a full-time work from home accommodation" at the time of her termination. DE 25 at 5.  If Plaintiff means that she was no longer seeking a deviation from the requirements of her position, Plaintiff does not cite to any evidence to supports this proposition and her deposition testimony is consistent with the fact that Plaintiff did not abandon any such request; her deposition testimony is clear that Plaintiff could not work (due to finances and her father's health) more than one day per week in the office. DE 21-1 at 40–42.

*Rocky v. Columbia Lawnwood Reg'l Med. Ctr.*, 54 F. Supp. 2d 1159, 1165 (S.D. Fla. 1999) (stating also that the ADA does not require employers to provide reasonable accommodations to employees who want to continue working and caring for a disabled relative). The basis for Plaintiff's claim—that she was terminated due to her need for accommodations to the in-person requirements of her job to care for her disabled father—is a lawful basis for termination under the ADA.

**C.    Conclusion**

While the Court is sympathetic to Plaintiff's plight and desire to care for her father, she has not established a prima facie claim of associational discrimination. For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, DE 20, is **GRANTED** and summary judgment is entered in favor of Defendant. The Clerk of the Court shall **CLOSE THIS CASE** and all other pending motions are **DENIED AS MOOT**. Defendant shall provide a proposed final judgment, in Microsoft Word format, to rosenberg@flsd.uscourts.gov within three business days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 8th day of July, 2024.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE